**Affirmed and Memorandum Opinion filed June 14, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00191-CR

**WALTER JASON HANICEK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 15-DCR-071813A**

## M E M O R A N D U M   O P I N I O N

Appellant Walter Jason Hanicek appeals his felony conviction for third-offender driving while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2) (Vernon Supp. 2017). In his sole issue, appellant challenges the reliability of the procedures used to perform a field sobriety test and blood sample analysis. Concluding this alleged error was not preserved, we affirm.

BACKGROUND

Deputy Eric Becker was on patrol in Fort Bend County, Texas shortly after midnight on December 8, 2015. Deputy Becker was driving his patrol car on the highway when he swerved to avoid a head-on collision with a vehicle traveling towards him in his lane. Deputy Becker turned to follow the vehicle and activated his emergency lights; the vehicle started to pull over but "continued to slow roll on the shoulder for a considerable distance" before coming to a complete stop.

Deputy Becker approached the vehicle, which was driven by appellant. Deputy Becker testified that he "immediately detected the overpowering odor of alcohol" and stated that appellant "was struggling, having some dexterity problems with his fingers retrieving his ID and stuff." Deputy Becker testified that appellant's speech was slurred and that appellant was "unsteady in his posture." Deputy Becker testified that appellant's eyes were "red and glassy, slightly bloodshot." Deputy Becker saw bottles of alcohol in appellant's car; appellant told Deputy Becker that he had consumed "three or four drinks at the time."

Deputy Becker contacted police dispatch and requested a deputy certified to perform standard field sobriety tests. Deputy Mark Anciso arrived at the scene and performed the horizontal gaze nystagmus test (the "HGN test") on appellant. Deputy Anciso testified that appellant's performance on the HGN test was consistent with intoxication. Appellant refused to undergo additional field sobriety tests.

Deputy Becker placed appellant under arrest. Deputy Becker asked appellant to provide a blood sample, but appellant refused. Deputy Becker transported appellant to a hospital in Richmond, Texas and obtained a warrant to perform a blood draw on appellant.

Deputy Becker testified that appellant "was very uncooperative" when he was

2

taken inside the hospital and "physically resist[ed]" attempts to draw his blood. The first blood draw was completed at approximately 4:00 A.M. and secured only a partial tube of blood. The second blood draw was completed at 5:15 A.M. and secured a full sample.

Haley Yaklin, a supervisor at the Texas Department of Public Safety Crime Laboratory, testified regarding the analysis performed on appellant's blood sample. Yaklin testified that appellant's 4:00 A.M. blood sample was tested first in accordance with the laboratory's policy requiring employees "first to select the [sample] that was collected from the individual at the earliest time." Although the 4:00 A.M. blood draw secured only a partial tube of blood, Yaklin testified that the sample was sufficient to perform a blood-alcohol analysis. Yaklin testified that the blood test result showed appellant's blood-alcohol level to be 0.207.

Appellant was indicted for the felony offense of third-offender driving while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2). After a three-day trial, the jury returned a guilty verdict. The trial court sentenced appellant to six years' confinement. Appellant timely appealed.

## ANALYSIS

Appellant's sole issue on appeal challenges the reliability of the procedures used to perform the HGN test and blood sample analysis.[1] Appellant asserts that the State failed to prove (1) the HGN test was "properly administered;" (2) the technique for obtaining appellant's blood sample was "properly applied;" (3) the analysis of appellant's blood sample was "properly applied;" and (4) the blood draw "was

---

[1] In his brief, appellant frames this issue by stating "[t]he evidence regarding the alcohol tests was legally insufficient." Despite this "legally insufficient" language, appellant's brief does not appear to assert that the evidence is legally insufficient to support his conviction. Appellant does not address any other evidence introduced at trial; he asserts only that the evidence is insufficient to show that the HGN test and blood sample analysis were reliable.

3

performed in a reasonable manner in accordance with acceptable medical practices."

Testimony and evidence addressing the HGN test and blood sample analysis constitute scientific evidence, which is admissible if reliable and relevant. *Wolfe v. State*, 509 S.W.3d 325, 335 (Tex. Crim. App. 2017); *see also Adkins v. State*, 418 S.W.3d 856, 863 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (test results for blood drawn from appellant are scientific evidence); *Plouff v. State*, 192 S.W.3d 213, 218 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("[t]estimony concerning the HGN test is scientific evidence"). Scientific evidence is reliable if "(1) the underlying theory [is] valid; (2) the technique applying the theory [is] valid; and (3) the technique [was] properly applied on the occasion in question." *Wolfe*, 509 S.W.3d at 335 (quoting *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992)).

Challenges to the reliability of scientific evidence must be raised in the trial court or they are waived for appeal. *Turner v. State*, 252 S.W.3d 571, 584 n.5 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (appellant's objection insufficient to apprise trial court he was challenging the reliability of the scientific evidence; appellant therefore "waived any argument regarding reliability"); *see also Hopes v. State*, No. 14-14-00403-CR, 2015 WL 6759450, at *3 (Tex. App.—Houston [14th Dist.] Nov. 5, 2015, pet. ref'd) (mem. op., not designated for publication) (appellant challenged reliability of officer's testimony regarding interpretation of gang tattoos; court declined to consider argument because "appellant did not preserve it for our review by objecting at trial"); *Murphy v. State*, No. 05-09-00772-CR, 2010 WL 1729341, at *2 (Tex. App.—Dallas April 29, 2010, no pet.) (mem. op., not designated for publication) (appellant asserted on appeal that officer failed to properly administer HGN test; complaint waived because appellant "did not object at trial when this evidence was offered"). To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion

stating the specific grounds for the complaint and obtain a ruling. Tex. R. App. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

Here, appellant's challenges invoke the third prong of the *Kelly* test and assert that the procedures underlying the HGN test and blood sample analysis were unreliable. Appellant's reliability challenges were not presented to the trial court and cannot be raised for the first time on appeal. *See Turner*, 252 S.W.3d at 584 n.5; *see also Hopes*, 2015 WL 6759450, at *3; *Murphy*, 2010 WL 1729341, at *2. We agree with the State that appellant failed to preserve error on these issues.

Appellant contends that he nonetheless can assert a challenge to scientific evidence "based on the validity of the tests even in the absence of an objection to its admissibility." Appellant cites *City of San Antonio v. Pollock*, 284 S.W.3d 809 (Tex. 2009), *Volkswagen of America, Inc. v. Ramirez*, 159 S.W.3d 897 (Tex. 2004), and *Coastal Transport Co., Inc. v. Crown Central Petroleum Corp.*, 136 S.W.3d 227 (Tex. 2004), to support his argument.

Appellant does not cite any authority adopting these cases in the criminal context. Moreover, the cases appellant cites state that an objection in the trial court is necessary to preserve for appellate review a complaint regarding the reliability of scientific evidence. *City of San Antonio*, 284 S.W.3d at 816-17 ("When a scientific opinion is not conclusory but the basis offered for it is unreliable, a party who objects may complain that the evidence is legally insufficient to support the judgment. An objection is required to give the proponent a fair opportunity to cure any deficit and thus prevent trial by ambush."); *Ramirez*, 159 S.W.3d at 903 ("A party may raise a properly preserved complaint on appeal that scientific evidence is unreliable and thus no evidence to support a judgment."); *Coastal Transport Co., Inc.*, 136 S.W.3d at 232-33 ("to preserve a complaint that scientific evidence is unreliable and thus, no evidence, a party must object to the evidence before trial or when the evidence is

5

offered" (internal quotation omitted)).  By failing to object at trial, appellant waived his complaints regarding the reliability of the procedures used to perform the HGN test and blood sample analysis.  *See Turner*, 252 S.W.3d at 584 n.5; *see also Hopes*, 2015 WL 6759450, at *3; *Murphy*, 2010 WL 1729341, at *2.

**CONCLUSION**

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.

/s/     William J. Boyce
        Justice

Panel consists of Justices Boyce, Jamison, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).